1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

WENDY PARMETER,

              Plaintiff,

       v.

EXPERIAN INFORMATION
SOLUTIONS, INC., an Ohio Corporation,
and NATIONAL RECOVERY AGENCY,
INC., a Pennsylvania Corporation,

              Defendants.

NO.

PLAINTIFF'S COMPLAINT FOR
INJUNCTIVE RELIEF AND
DAMAGES FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION
PRACTICE ACT, THE FAIR CREDIT
REPORTING ACT, THE
WASHINGTON FAIR CREDIT
REPORTING ACT (*RCW 19.182*), AND
THE WASHINGTON CONSUMER
PROTECTION ACT

COMES NOW, Plaintiff, WENDY PARMETER, by and through her attorney,

ROBERT MITCHELL, and complains against the Defendants as follows:

## I.    STATEMENT OF THE CASE

This is an action for injunctive relief to prevent further harm to Plaintiff and to prevent

future harm to other Washington consumers and debtors.

## II.    PARTIES

2.1    Plaintiff, WENDY PARMETER, is a resident of Clark County, WA.

2.2    Plaintiff has never had an account with BMG MUSIC SERVICE.

2.3    Nevertheless, Defendant, NATIONAL RECOVERY AGENCY, INC., is

reporting to Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., that Plaintiff

defaulted on a BMG MUSIC SERVICE account.

PLAINTIFF'S COMPLAINT           1           ROBERT W. MITCHELL
                                              Attorney at Law
                                            901 N. Monroe, Ste 251
                                            Spokane, WA  99201
                                            (509) 327-2224

2.4     The BMG MUSIC SERVICE account would be a consumer account, which would have been incurred primarily for personal, family and household services.

2.5     Therefore, Plaintiff qualifies as a "consumer" and "debtor" as defined by the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Washington Fair Credit Reporting Act, and the Washington Consumer Protection Act.

2.6     Defendant, NATIONAL RECOVERY AGENCY, INC., is a Pennsylvania Corporation and a third party debt collector conducting business under Pennsylvania Entity No. 687357.

2.7     Defendant, NATIONAL RECOVERY AGENCY, INC., is reporting to Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., that Plaintiff defaulted on a BMG MUSIC SERVICE account, in attempt to collect the BMG debt.

2.8     Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., is an Ohio Corporation, registered to conduct business in Washington State pursuant to UBI No. 601738089.

2.9     Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., is a "Credit Reporting Agency" as defined by the Fair Credit Reporting Act and the Washington Fair Credit Reporting Act.

2.10    Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., is reporting to third parties that Plaintiff defaulted on a BMG MUSIC SERVICE account.

2.11    Plaintiff disputed the erroneous account with Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.

2.12    Both Defendants continue to report the erroneous account despite having absolute knowledge that Plaintiff does not owe the erroneous and invalid debt.

### III.    JURISDICTION AND VENUE

3.1     Jurisdiction and Venue in the United States District Court, Western District of Washington, are appropriate where this dispute involves predominant issues of federal law, and where all acts at issue and described herein occurred in this district, and where the injury to

PLAINTIFF'S COMPLAINT                    2                    ROBERT W. MITCHELL
                                                             Attorney at Law
                                                             901 N. Monroe, Ste 251
                                                             Spokane, WA  99201
                                                             (509) 327-2224

Plaintiff occurred in this district, and where Plaintiff is a resident of this district, and where the Defendant Corporations conduct substantial business in this district.  (28 U.S.C. §1332; 28 U.S.C. §1391(b); and 28 U.S.C. §1331).

3.2     Defendants are liable unto Plaintiff pursuant to the provisions of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq., the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq., as well as other applicable federal and state laws.  Defendants are also liable unto Plaintiff pursuant to the laws of the State of Washington, which claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. 1367, et seq.

## IV.   FACTS

4.1     Plaintiff re-alleges paragraphs 1 through 3, inclusive as though fully set forth herein.

4.2     Plaintiff believes and therefore avers that Defendant, NATIONAL RECOVERY AGENCY, INC., (hereinafter NRA), is knowingly and intentionally parking invalid and erroneous BMG Music Service accounts on consumer's credit reports in attempt to force unsophisticated and unwitting consumers to pay invalid, erroneous, and unenforceable debts.

4.3     Plaintiff believes and therefore avers that Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., (hereinafter EX), is aware of this scam, and is knowingly allowing and enabling Defendant, NRA, to bilk substantial amounts of money out of unwitting and unsophisticated consumers.

4.4     The evidence of Defendants' culpability is overwhelming.

4.5     Defendant, NRA is a third party debt collector.

4.6     Defendant, EX is a national consumer credit reporting agency.

4.7     As such, EX compiles, manipulates, stores, and disseminates  massive amounts of information regarding consumers and consumer accounts in order to prepare consumer credit reports, credit scores, risk factors and denial codes and other economic and prediction data evaluations.

PLAINTIFF'S COMPLAINT                    3                    ROBERT W. MITCHELL
                                                            Attorney at Law
                                                            901 N. Monroe, Ste 251
                                                            Spokane, WA  99201
                                                            (509) 327-2224

4.8     Creditors and debt collectors like NRA, pay EX to report consumer accounts to third parties seeking to assess a consumer's credit worthiness, job placement suitability, insurance premiums, and other important consumer issues.

4.9     Given the importance of the information EX stores and transmits to third parties, EX owes a substantial statutory burden to consumers to ensure the accuracy of the information it maintains and disseminates.

4.10    Despite this substantial burden, EX intentionally allowed NRA to submit false information about the BMG Music account at issue in this case and failed to re-investigate the validity of the account after receiving a dispute and request for re-investigation from Plaintiff, a consumer.

4.11    Plaintiff is a consumer.

4.12    Plaintiff has never had an account with BMG Music Service in her life.

4.13    Nevertheless, NRA reported to EX that Plaintiff owes a $49 defaulted debt to BMG.

4.14    EX began reporting this erroneous collection debt to third parties in September of 2010.

4.15    The debt is erroneous and invalid.

4.16    Therefore, Plaintiff filed a dispute with EX, as required by statute.

4.17    Upon receiving Plaintiff's dispute, both Defendants had a duty to conduct a reasonable re-investigation into the validity of the account.

4.18    Both Defendants failed to conduct a reasonable re-investigation following Plaintiff's dispute.

4.19    More importantly, EX simply parroted the inaccurate account information it received from NRA.

4.20    EX did not independently investigate the validity of the account.

PLAINTIFF'S COMPLAINT                    4                    ROBERT W. MITCHELL
                                                             Attorney at Law
                                                             901 N. Monroe, Ste 251
                                                             Spokane, WA  99201
                                                             (509) 327-2224

4.21   EX only relied on the information NRA provided and did not conduct a reasonable independent investigation based on the information contained in Plaintiff's complaint.

4.22   EX failed to use any diligence or conduct any reasonable investigation into the Plaintiff's dispute or the validity of the subject account for two simple reasons:

      A.   <u>First</u>, NRA pays EX to report accounts the way NRA wants the accounts reported; AND

      B   <u>Second</u>, Plaintiff is a consumer who does not pay EX anything to store, maintain, or disseminate the information EX obtains and maintains.

4.23   In fact, as a consumer, Plaintiff has the right to obtain her consumer credit report from EX for free.

4.24   What is worse, NRA actually "verified" the inaccurate, invalid, and erroneous information to EX during the "re-investigation" process that followed Plaintiff's dispute.

4.25   As a result, EX refused to delete the inaccurate account from Plaintiff's consumer credit report.

4.26   In fact, Defendants continue to report the erroneous collection account on Plaintiff's consumer credit report to this day.

4.27   This account has had a negative impact of Plaintiff's ability obtain credit and financing.

4.28   Plaintiff is self-employed.

4.29   Plaintiff was forced to take time away from her business to deal with this matter.

4.30   Plaintiff was forced to take time away from her business to dispute the inaccurate debt.

4.31   Plaintiff was forced to take time away from her business to inform her attorney about this situation and obtain assistance to correct the erroneous reporting.

PLAINTIFF'S COMPLAINT        5

4.32    Plaintiff has suffered humiliation, embarrassment, frustration, anxiety and other emotional distress as a result of Defendants' erroneous reporting.

4.33    Plaintiff has been denied credit because of this erroneously reported account.

4.34    Plaintiff been required to pay higher interest rates as a result of this erroneously reported account.

4.35    Defendants' actions are a direct and proximate cause of Plaintiffs' injuries.

4.36    Additionally, NRA's actions are so intentional that NRA has never even made any direct contact with Plaintiff in attempt to collect the debt, or to otherwise obtain information regarding the validity of the debt.

4.37    The only reason Plaintiff became aware of the erroneous account was because she requested a copy of her consumer credit report.

4.38    To be certain, NRA has never provided Plaintiff with any written correspondence regarding this account.

4.39    NRA simply paid EX to park the invalid and erroneous account on Plaintiff's consumer credit report in hopes that Plaintiff would pay the debt rather than obtain an attorney to file suit under the statute.

4.40    Even after Plaintiff filed a dispute and request for re-investigation with the credit bureaus, NRA and EX still continued to report the erroneous account on Plaintiff's consumer credit report.

## V.    FIRST CAUSE OF ACTION

### Fair Credit Reporting Act Violation

### (Failure to Investigate and Properly Report)

5.1    Plaintiff re-alleges paragraphs 1 through 4, inclusive as though fully set forth herein.

PLAINTIFF'S COMPLAINT                6                ROBERT W. MITCHELL
                                                      Attorney at Law
                                                      901 N. Monroe, Ste 251
                                                      Spokane, WA  99201
                                                      (509) 327-2224

5.2     Credit Reporting Agencies have an affirmative duty to ensure the "maximum possible accuracy" of the information being reported.  See 15 USC §1681e(b).

5.3     Creditors and other furnishers of information to credit reporting agencies may not furnish information that the furnisher "knows or has reasonable cause to believe is inaccurate."  See 15 USC §1681s-2(a)(1)(A).

5.4     Additionally, when a consumer disputes an item or requests investigation of an item on their consumer credit report directly with a Credit Reporting Agency, both the Credit Reporting Agency and the Creditor furnishing the information to the credit reporting agency, have a duty to conduct a reasonable investigation (re-investigation) and verify the accuracy of the disputed information contained in the consumer's credit report, and to correct the report if the information is inaccurate or erroneous.  See 15 U.S.C. §1681i, et seq., and §1681s-2(a)(1)(B)(i) and (ii).

5.5     Congress included this dispute/investigation mechanism in the statute to ensure the "maximum possible accuracy" of information contained within consumer credit reports.  15 U.S.C. §1681e(b), et seq.

5.6     An investigation or reinvestigation must be a good faith effort to determine the accuracy of the disputed item.  Curtis v. Trans Union, L.L.C., 2002 WL 31748838 (N.D. Ill. Dec. 9, 2002); FTC Official Staff Commentary §611 item 2.

5.7     Moreover, the concept of "accuracy" is an objective one and Credit Reporting Agencies do not fulfill the duty to re-investigate and verify the accuracy of information contained in a consumer credit report, nor do they fulfill the duty of "assuring maximum possible accuracy," by simply parroting the creditor's or furnisher's response to inquiries or disputes.  Credit Reporting Agencies must conduct their own reasonable investigation into the validity and accuracy of a disputed consumer credit report.  Crane v. Trans Union, L.L.C., 282 F. Supp. 2d 311 (E.D. Pa. 2003).

ROBERT W. MITCHELL
Attorney at Law
901 N. Monroe, Ste 251
Spokane, WA  99201
(509) 327-2224

5.8     Likewise, creditors or furnishers of information to credit reporting agencies do not fulfill their respective duties to conduct a reasonable investigation into the accuracy and validity of a disputed account simply by reciting the information which is already contained within the consumer credit or account file.  Diprinzio v. MBNA America Bank, N.A., 2005 WL 2039175 (E.D. Pa. Aug. 24, 2005).

5.9     In this case, both Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., (hereinafter EX) as the credit reporting agency, and NATIONAL RECOVERY AGENCY, INC., (hereinafter NRA) as the information furnisher, are liable to Plaintiff for their intentional failure to re-investigate the validity of the account after receiving Plaintiff's written dispute.  15 USC §1681o.

5.10    EX, as the credit reporting agency, is liable for failing to use reasonable procedures to establish the maximum possible accuracy of the account before placing the account on the Plaintiffs' consumer credit report.  15 USC §1681e(b).

5.11    In addition, Defendant, EX, failed to adopt and follow "reasonable procedures" to assure the "maximum possible accuracy" of Plaintiff's consumer credit and other personal information, which EX compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluations.  15 USC §1681e(b).

5.12    EX has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about the Plaintiff which was inaccurate, false, erroneous, and misleading despite notice from the Plaintiff that such information was inaccurate.

5.13    EX, as the credit reporting agency, is further liable for failing to reasonably re-investigate the accuracy and validity of the account following the Plaintiff's dispute/request for re-investigation, especially where EX simply recited or parroted the information supplied by

PLAINTIFF'S COMPLAINT                    8

ROBERT W. MITCHELL
Attorney at Law
901 N. Monroe, Ste 251
Spokane, WA  99201
(509) 327-2224

the furnisher and failed to perform any reasonable investigation of the account.  15 U.S.C. §1681i et seq.

5.14    Defendant, NRA, as the furnisher of this information to the credit reporting agency, is liable for reporting erroneous information to the credit reporting agencies which it either knew or should have known was false or inaccurate.  15 USC §1681 s-2(a)(1)(A).

5.15    NRA is absolutely liable for reporting inaccurate information following Plaintiff's dispute and request for re-investigation.  15 U.S.C. §1681 s-2(a)(1)(B)(i) and (ii).

5.16    Plaintiff was damaged by Defendants' Willful and/or Negligent violations of the Act where Plaintiff was unable to obtain financing, suffered damage to her reputation, suffered loss of credit ratings, experienced an inability to obtain financing for certain consumer items, paid higher interest rates on consumer credit accounts, was forced to pay for the services of an attorney to correct the erroneous reporting, and suffered humiliation, frustration, anxiety, and other emotional distress as a result of this matter.

5.17    Defendants' actions were a direct and proximate cause of Plaintiff's injuries and damages.

5.18    Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

5.19    Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## VI.    SECOND CAUSE OF ACTION

### (Washington's Fair Credit Reporting Act; RCW 19.182, et seq.)

6.1    Plaintiff re-alleges paragraphs 1 through 5, inclusive as though fully set forth herein.

6.2    Washington's Fair Credit Reporting Act (WFCRA) states in pertinent part:

ROBERT W. MITCHELL
Attorney at Law
901 N. Monroe, Ste 251
Spokane, WA  99201
(509) 327-2224

It is the policy of the state that credit reporting agencies maintain accurate credit reports, resolve disputed reports promptly and fairly, and adopt reasonable procedures to promote consumer confidentiality and the proper use of credit data in accordance with this chapter.  RCW 19.182.005.

6.3     The WFCRA also states:

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.  RCW 19.182.060(2).

6.4     The WFCRA further states:

If the completeness or accuracy of an item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of the dispute, the agency shall reinvestigate without charge and record the current status of the disputed information before the end of thirty business days, beginning on the date the agency receives the notice from the consumer.  RCW 19.182.090(1).

6.5     The WFCRA further states:

In conducting a reinvestigation under subsection (1) of this section with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in subsection (1) of this section with respect to the disputed information.  RCW 19.182.090(4).

6.6     The WFCRA further states:

If, after a reinvestigation under subsection (1) of this section of information disputed by a consumer, the information is found to be inaccurate or cannot be verified, the consumer reporting agency shall promptly delete the information from the consumer's file.  RCW 19.182.090(5)(a).

6.7     The WFCRA further states:

If information is deleted from a consumer's file under (a) of this subsection, the information may not be reinserted in the file after the deletion unless the person who furnishes the information verifies that the information is complete and accurate.  RCW 19.182.090(5)(b)(i).

6.8     The WFCRA further states:

PLAINTIFF'S COMPLAINT                         10                         ROBERT W. MITCHELL
                                                                        Attorney at Law
                                                                        901 N. Monroe, Ste 251
                                                                        Spokane, WA  99201
                                                                        (509) 327-2224

If information that has been deleted from a consumer's file under (a) of this subsection is reinserted in the file in accordance with (b)(i) of this subsection, the consumer reporting agency shall notify the consumer of the reinsertion within thirty business days. RCW 19.182.090(5)(b)(ii).

6.9     The WFCRA further states:

If the reinvestigation does not resolve the dispute or if the consumer reporting agency determines the dispute is frivolous or irrelevant, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit these statements to not more than one hundred words if it provides the consumer with assistance in writing a clear summary of the dispute. RCW 19.182.090(6).

6.10    The WFCRA further states:

After the deletion of information from a consumer's file under this section or after the filing of a statement of dispute under subsection (6) of this section, the consumer reporting agency shall, at the request of the consumer, furnish notification that the item of information has been deleted or that item of information is disputed. In the case of disputed information, the notification shall include the statement filed under subsection (6) of this section. The notification shall be furnished to any person specifically designated by the consumer, who has, within two years before the deletion or filing of a dispute, received a consumer report concerning the consumer for employment purposes, or who has, within six months of the deletion or the filing of the dispute, received a consumer report concerning the consumer for any other purpose, if these consumer reports contained the deleted or disputed information.  RCW 19.182.090(7).

6.11    The WFCRA further states:

Upon completion of the reinvestigation under this section, a consumer reporting agency shall provide notice, in writing or by any other means authorized by the consumer, of the results of a reinvestigation within five business days. RCW 19.182.090(8)(a).

6.12    The WFCRA further states:

The notice required under (a) of this subsection must include: (i) A statement that the reinvestigation is completed; (ii) A consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation; (iii) A description or indication of any changes made in the consumer report as a result of those revisions to the consumer's file; (iv) If requested by the consumer, a description of the procedure used to determine the accuracy and completeness of

PLAINTIFF'S COMPLAINT                        11                        ROBERT W. MITCHELL
                                                                      Attorney at Law
                                                                      901 N. Monroe, Ste 251
                                                                      Spokane, WA  99201
                                                                      (509) 327-2224

the information shall be provided to the consumer by the agency, including the name, business address, and telephone number of any person contacted in connection with the information; (v) If the reinvestigation does not resolve the dispute, a summary of the consumer's right to file a brief statement as provided in subsection (6) of this section; and (vi) If information is deleted or disputed after reinvestigation, a summary of the consumer's right to request notification to persons who have received a consumer report as provided in subsection (7) of this section. RCW 19.182.090(8)(b)(i-vi)

6.13    Finally, the WFCRA states:

The legislature finds that the practices covered by this chapter are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW.  Violations of this chapter are not reasonable in relation to the development and preservation of business.  A violation of this chapter is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, chapter 19.86 RCW.  The burden of proof in an action alleging a violation of this chapter shall be by a preponderance of the evidence, and the applicable statute of limitation shall be as set forth in RCW 19.182.120. For purposes of a judgment awarded pursuant to an action by a consumer under chapter 19.86 RCW, the consumer shall be awarded actual damages and costs of the action together with reasonable attorney's fees as determined by the court.  However, where there has been willful failure to comply with any requirement imposed under this chapter, the consumer shall be awarded actual damages, a monetary penalty of one thousand dollars, and the costs of the action together with reasonable attorneys' fees as determined by the court.  RCW 19.182.150; emphasis mine.

6.14    Given the above, it is certain that the legislature requires credit reporting agencies and furnishers of credit information to act diligently and reasonably throughout the credit reporting process, particularly with regard to re-investigating disputed information.

6.15    In this case, neither the furnisher nor the credit reporting agency used reasonable care to re-investigate the status of the debt following Plaintiff's dispute.

6.16    As a result, the negative, erroneous, invalid, and incorrect account remains on Plaintiff's consumer credit report.

6.17    Defendants' actions not only violated the WFCRA, but Defendants' actions caused Plaintiff substantial damages.

ROBERT W. MITCHELL
Attorney at Law
901 N. Monroe, Ste 251
Spokane, WA  99201
(509) 327-2224

6.18    Defendants' actions were a direct and proximate cause of Plaintiff's injuries and damages.

6.19    Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

6.20    Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## VII.    THIRD CAUSE OF ACTION

Fair Debt Collection Practices Act Violation

(False, Deceptive, or Misleading Representations)

*As to Defendant National Recovery Agency, Inc.*

7.1    Plaintiff re-alleges paragraphs 1 through 6, inclusive as though fully set forth herein.

7.2    The Fair Debt Collection Practices Act (FDCPA) states in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. §1692e.

7.3    The act further states that the following conduct is a violation of section 1692e: "The false representation of the character, amount, or legal status of a debt…." 15 U.S.C. §1692e(2).

7.4    The act further states that the following conduct is a violation of section 1692e: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

7.5    In this case, Defendant, NATIONAL RECOVERY AGENCY, INC., has been intentionally supplying information that Defendant either knows or should know is erroneous to a consumer credit reporting agency in attempt to force Plaintiff to pay an invalid and unenforceable debt.

PLAINTIFF'S COMPLAINT                          13                          ROBERT W. MITCHELL
                                                                          Attorney at Law
                                                                          901 N. Monroe, Ste 251
                                                                          Spokane, WA  99201
                                                                          (509) 327-2224

7.6     Defendant, NATIONAL RECOVERY AGENCY, INC., therefore violated the statute by falsely representing the character, amount and legal status of the subject debt.

7.7     Defendant, NATIONAL RECOVERY AGENCY, INC., therefore violated the statute using false representations and deceptive means to attempt to collect the subject debt.

7.8     Plaintiff was injured by the actions of Defendant, NATIONAL RECOVERY AGENCY, INC.

7.9     Defendant's actions were a direct and proximate cause of Plaintiff's injuries and damages.

7.10    Defendant's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

7.11    Defendant's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## VIII.  FOURTH CAUSE OF ACTION

### Fair Debt Collection Practices Act Violation

### (Unfair Practices - Threats)

### *As to Defendant National Recovery Agency, Inc.*

8.1     Plaintiff re-alleges paragraphs 1 through 7, inclusive as though fully set forth herein.

8.2     The Fair Debt Collection Practices Act (FDCPA) states: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §1692f.

8.3     The act further states that it is an unfair act to collect or attempt to collect "any amount … unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

PLAINTIFF'S COMPLAINT                    14                    ROBERT W. MITCHELL
                                                              Attorney at Law
                                                              901 N. Monroe, Ste 251
                                                              Spokane, WA  99201
                                                              (509) 327-2224

8.4     In this case, Defendant, NATIONAL RECOVERY AGENCY, INC., is attempting to collect a debt which Plaintiff does not owe.

8.5     Defendant, NATIONAL RECOVERY AGENCY, INC., is attempting to collect a BMG debt from Plaintiff, despite the fact that Plaintiff has never had a BMG account in her life.

8.6     To facilitate the collection of the debt, Defendant has reported the erroneous account to at least one major consumer credit reporting agency.

8.7     However, Defendant has never made any other attempt to collect the debt from Plaintiff.

8.8     As a result, Plaintiff's only opportunity to dispute the debt and avoid damages was through the credit reporting agency.

8.9     Despite Plaintiff's dispute, and despite the fact that the debt is invalid and erroneous, Defendant refuses to stop reporting the debt to the consumer credit reporting agencies, in attempt to collect the debt.

8.10    Defendant had no legal or contractual basis to collect the debt.

8.11    Defendant therefore violated the statute where Defendant is attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

8.12    Defendant therefore violated the statute by its unfair and unconscionable collection tactics of placing the erroneous account on Plaintiff's consumer credit report without making any other attempts to collect the debt, communicate the debt to Plaintiff in any other fashion to allow her to dispute the debt pursuant to the protections provided by the Fair Debt Collection Practices Act, or investigate the validity of the debt; and by refusing to stop reporting the erroneous account to the consumer credit reporting agencies once Defendant either knew or absolutely should have known the debt was invalid and erroneous.

PLAINTIFF'S COMPLAINT                    15                    ROBERT W. MITCHELL
                                                              Attorney at Law
                                                              901 N. Monroe, Ste 251
                                                              Spokane, WA  99201
                                                              (509) 327-2224

8.13    Quite simply, Defendant's actions of intentionally damaging Plaintiff's consumer credit report in attempt to force Plaintiff to pay a debt which Defendant either knew or should have known was invalid, erroneous, and unenforceable, were unfair and unconscionable violations of the statute.

8.14    Plaintiff was injured by Defendant's actions.

8.15    Defendant's actions are a direct and proximate cause of Plaintiff's injuries.

8.16    Defendant's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

8.17    Defendant's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## IX.    FIFTH CAUSE OF ACTION

### (*Per Se* Consumer Protection Act Violation)

9.1    Plaintiff re-alleges paragraphs 1 through 8, inclusive as though fully set forth herein.

9.2    Washington's CPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

9.3    The Washington CPA applies to the actions at issue herein because the Plaintiff is a "consumer" and the Defendants are "business[es]," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiff was damaged in her property by Defendants' actions, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

9.4    Additionally, violations of the Washington Fair Credit Reporting Act are *per se* violations of the Washington Consumer Protection Act.  RCW 19.182.150.

9.5    Defendants violated Washington's Fair Credit Reporting Act in this case.  (See ¶VI, Supra.)

PLAINTIFF'S COMPLAINT                    16                    ROBERT W. MITCHELL
                                                             Attorney at Law
                                                             901 N. Monroe, Ste 251
                                                             Spokane, WA  99201
                                                             (509) 327-2224

9.6     Therefore, Defendant's actions represent *per se* violations of Washington's Consumer Protection Act.

9.7     Plaintiff was injured by Defendant's actions.

9.8     Defendant's actions are a direct and proximate cause of Plaintiff's injuries.

9.9     Defendant's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

9.10    Defendant's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## X.     SIXTH CAUSE OF ACTION

### (Consumer Protection Act Violation – In The Alternative)

10.1    Plaintiff re-alleges paragraphs 1 through 9, inclusive as though fully set forth herein.

10.2    In the alternative, to determine what constitutes an unfair act or practice under Washington's CPA, Washington courts look to the various federal statutes dealing with similar matters.  Lightfoot v. MacDonald, 86 Wn.2d 331, 335, 544 P.2d 88 (1976).  The court in Lightfoot stated:

> …we are directed by the statute to look to "the various federal statutes dealing with the same or similar matters" in resolving questions which arise under the state act.

Lightfoot at 335.

10.3    One such federal statute which Washington courts look to in determining if a particular act is unfair under Washington's CPA, is the Federal Trade Commission Act, after which Washington's CPA was modeled, and which states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful."  15 U.S.C. §45(a)(1).

PLAINTIFF'S COMPLAINT                    17                    ROBERT W. MITCHELL
                                                              Attorney at Law
                                                              901 N. Monroe, Ste 251
                                                              Spokane, WA  99201
                                                              (509) 327-2224

10.4    The Fair Credit Reporting Act and the Fair Debt Collection Practices Act, which proscribe specific unfair acts when collecting and reporting debts, are other federal statutes that courts have examined to determine if an act is unfair and violative of our state Consumer Protection Act.  15 U.S.C. §1681, et seq., 15 U.S.C. §1692, et seq.

10.5    In addition to examining federal statutes to determine if a specific act is unfair and violative of the state CPA, Washington Courts also give great weight to Federal Trade Commission (FTC) interpretations of conduct that is unfair or deceptive.  Testo v. Dunmire Oldsmobile, Inc., 554 P.2d 349 (1976) citing Tradewell Stores, Inc. v. T. B. & M., Inc., 7 Wn. App. 424, 500 P.2d 1290 (1972); (examining cases arising under the Federal Trade Commission Act), 15 U.S.C. §45; and RCW 19.86.920.

10.6    In Testo, the court stated that:

The courts of this state are specifically directed to "be guided by" federal court interpretations of those various federal statutes after which our Consumer Protection Act is patterned.

Testo at 350.

10.7    Based on the above federal and state statutes and case law, this Court should use the FCRA and FDCPA standards of unfair and deceptive practices to determine if Defendants violated Washington's CPA in the case at hand.

10.8    In this case, Defendants violated the FCRA.  (See ¶V, Supra.)

10.9    Defendants also violated the WFCRA.  (See ¶VI, Supra.)

10.10   Defendants also violated the Fair Debt Collection Practices Act. (See ¶VII and VIII, Supra.)

10.11   Where Defendants' actions are considered unfair and deceptive violations of both state and federal Fair Credit Reporting statutes and federal Fair Debt Collection statutes, Defendants' actions are likewise unfair and deceptive acts or practices in violation of this

state's Consumer Protection Act, especially where the WFCRA states that such a violations are *per se* violations of the CPA.

10.12   Therefore, Defendants' actions violated the Washington State Consumer Protection Act (CPA) as codified in RCW 19.86, et seq.

10.13   Plaintiff was injured by Defendants' actions.

10.14   Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

10.15   Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

10.16   Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## XI.   SEVENTH CAUSE OF ACTION

### (Outrage)

11.1   Plaintiff re-alleges paragraphs 1 through 10, inclusive as though fully set forth herein.

11.2   Defendant, NRA, should be held liable for Outrage and associated damages under the FDCPA, regardless of state law requirements for the tort of outrage.  (See Grassley v. Debt Collectors, Inc., District of Oregon (1992)).

11.3   In this case, Defendant's attempts to force Plaintiff to pay an invalid and erroneous debt by parking the erroneous account on Plaintiff's consumer credit report and refusing to remove the account even after Plaintiff filed a proper dispute with the consumer credit reporting agency, were extreme, outrageous, unconscionable, intentional, willful and wanton, and served no other purpose but to annoy, harass, intimidate, and intentionally cause severe mental and emotional distress with the intent of forcing Plaintiff to pay this erroneous debt.

11.4   Defendant's conduct caused Plaintiff extreme mental and emotional distress.

PLAINTIFF'S COMPLAINT                    19                    ROBERT W. MITCHELL
                                                              Attorney at Law
                                                              901 N. Monroe, Ste 251
                                                              Spokane, WA  99201
                                                              (509) 327-2224

11.5   Defendant's conduct caused undue stress, anxiety, loss of sleep, headaches, frustration, humiliation, and other mental and emotional distress.

11.6   Defendant's conduct was a direct and proximate cause of Plaintiff's injuries.

11.7   Defendant's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

11.8   Defendant's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## XII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendants as follows:

A.   For an Injunction preventing Defendant, NATIONAL RECOVERY AGENCY, INC., from ever reporting to any consumer credit reporting agency that Plaintiff owes a defaulted BMG MUSIC SERVICE account, pursuant to RCW 19.86.090, RCW 19.182.150; and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

B.   For an Injunction preventing Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., from ever again reporting that Plaintiff owes a defaulted BMG MUSIC SERVICE debt on Plaintiff's consumer credit report, pursuant to RCW 19.86.090, RCW 19.182.150, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

ROBERT W. MITCHELL
Attorney at Law
901 N. Monroe, Ste 251
Spokane, WA  99201
(509) 327-2224

C.     For an Injunction preventing Defendant, NATIONAL RECOVERY AGENCY, INC., from reporting to any consumer credit reporting agency that any Washington State consumer, debtor, or resident defaulted on a BMG MUSIC SERVICE account, or reporting that any Washington State debtor, consumer, or resident's BMG MUSIC SERVICE account is in collection, pursuant to RCW 19.86.090, RCW 19.182.150, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

D.     For an Injunction preventing Defendant, NATIONAL RECOVERY AGENCY, INC., from ever selling, transferring, or assigning this debt, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

E.     For an Injunction preventing Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., from ever again reporting that any Washington State debtor, resident, or consumer has defaulted on a BMG MUSIC SERVICE account, if the report is being made by Defendant, NATIONAL RECOVERY AGENCY, INC., pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

F.     For an Injunction preventing the licensee, the customer of the licensee, or any other person who may hereafter legally seek to collect on this claim, from ever being allowed

PLAINTIFF'S COMPLAINT                    21                    ROBERT W. MITCHELL
                                                               Attorney at Law
                                                               901 N. Monroe, Ste 251
                                                               Spokane, WA  99201
                                                               (509) 327-2224

to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim, pursuant to RCW 19.16.450, RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

G.     For Actual and Compensatory damages in an amount to be proven at trial, pursuant to RCW 19.86 et seq., 15 U.S.C. §1692 et seq., and various common law claims;

H.     For Intentional Infliction of Emotional Distress Damages in the amount of $3,500, pursuant to 15 U.S.C. §1692 et seq.; and Jackson v. Peoples Credit Union, 604 P.2d 1025 (1979); and Baker v. G.C. Servs. Corp., 677 F.2d 775 (9th Cir. 1982);

I.     For Statutory damages in the amount of $1,000, pursuant to 15 U.S.C. §1692, et seq.;

J.     For Statutory damages in the amount of $1,000, pursuant to RCW 19.182.150;

K.     For Incidental and Consequential damages in an amount to be proven at trial;

L.     For treble any "actual" damages up to the amount of $25,000, pursuant to RCW 19.86, et seq.;

M.     For costs and reasonable attorney's fees in an amount to be proven at trial pursuant to 15 U.S.C. §1692 et seq. and RCW 19.86, et seq.;

N.     For interest on the above amounts as authorized by law;

O.     For other relief as the Court deems just and equitable; and

P.     For leave to amend this complaint as needed and as required.

## XIII.   REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury pursuant to U.S. Const. Amend. 7, Fed. R.Civ.Proc. 38.

PLAINTIFF'S COMPLAINT                         22                         ROBERT W. MITCHELL
                                                                        Attorney at Law
                                                                        901 N. Monroe, Ste 251
                                                                        Spokane, WA  99201
                                                                        (509) 327-2224

1

DATED this __4th__ day of March, 2011.

2

3

Respectfully submitted,

4

5

6

S/Robert Mitchell

7

ROBERT MITCHELL, WSBA #37444

Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S COMPLAINT                    23                    ROBERT W. MITCHELL
                                                               Attorney at Law
                                                               901 N. Monroe, Ste 251
                                                               Spokane, WA  99201
                                                               (509) 327-2224